IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN BARRY KRAMER,** ) | |
| No.  32655-004, ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| vs. ) | Case No. 15-cv-00420-JPG |
|  ) | |
| **UNITED STATES OF AMERICA,** ) | |
|  ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Benjamin Barry Kramer is an inmate currently housed at the United States Penitentiary in Coleman, Florida.  Pursuant to Federal Rule of Criminal Procedure 41(g), Kramer seeks an accounting of the amount of money collected and applied by the government toward the $60 million forfeiture judgment/lien entered against him in connection to his criminal case, *United States v. Kramer*, Case No. 4:87-cr-40070-02 (S.D. Ill. 1988).  By his estimation, the government has over-collected and owes him more than $18 million.  He does not challenge the forfeiture judgment itself.

The motion/complaint is now before the Court consistent with 28 U.S.C. § 1915A.  Moreover, the Court's first duty is to verify that it has subject matter jurisdiction.  *See, e.g., Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010); *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007).

**Background**

Kramer is serving a life sentence after being convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848—a marijuana business involving race car

driver Randy Lanier, who was the 1985 Indianapolis 500 Rookie of the Year. *United States v. Kramer*, Case No. 4:87-cr-40070-02 (S.D. Ill. 1988), aff'd 955 F.2d 479 (7th Cir. 1992). As part of his sentence, Kramer was ordered to forfeit $60 million (renewed in 2008). An order for the forfeiture of substitute property was entered pursuant to 21 U.S.C. § 853(p)—among the property substituted was Kramer's 1/3 interest in LCP Associates, Ltd., which held an interest in the card casino Bell Gardens Bicycle Club. Thus, the government was entitled to Kramer's 1/3 interest in the 55% of the Bicycle Club and its proceeds, estimated to be in excess of $1 million per month.[1] The government eventually sold its 55% interest in LCP Associates/the Bicycle Club.

Kramer now contends that the government has over-collected on the $60 million forfeiture judgement/lien. Pursuant to Federal Rule of Criminal Procedure 41(g), he seeks an accounting and refund of, by his estimation, in excess of $18 million paid to the government over and above the $60 million owed—money he appears to view as illegally seized. To add insult to injury, according to Kramer, he only recently learned from a 2014 article in Autoweek magazine that his similarly sentenced coconspirators, Lainer and Eugene Fischer, have purportedly been released from prison in order to "settle" their claims that the United States had seized property in excess of their forfeiture judgments. Accordingly, he argues that the statute of limitations should be equitably tolled.

## **Jurisdictional Concerns**

Whether Federal Rule of Civil Procedure 41(g) is the proper mechanism for securing the return of any money collected in excess of the $60 million forfeiture judgment/lien is debatable, as is this Court's jurisdiction. Kramer notes, this Court previously entertained a similar action by

---

[1] The legal relationship between Kramer, LCP Associates and the Bicycle Club relates to standing, but that is an issue for another day.

co-defendant Eugene Fischer.  *See Fischer v. United States*, Case No. 11-cv-40-JPG  (S.D. Ill. 2012).  However, the Court of Appeals' recent decision in *Sutton v. United States*, 597 Fed. Appx. 890 (7th Cir. Mar. 20, 2015), gives the Court pause.

In *Sutton*, the appellate court concluded that the district court lacked subject-matter jurisdiction over a civil action premised upon Rule 41(g) aimed at challenging the forfeiture of liquidated substitute assets and seeking in excess of $2 million in "equitable relief."  Jurisdiction was deemed proper in the Court of Federal Claims.  *Id*. (citing *United States v. Bormes*, __U.S.__, 133 S.Ct. 12, 16-17 & n. 2 (2012), and *Global Relief Foundation, Inc., v. O'Neill*, 315 F.3d 748, 754 (7th Cir. 2002)).  *But cf., United States v. Sims*, 376 F.3d 705, 707-08 (7th Cir. 2004) (Rule 49(g) is the proper vehicle for seeking the return of seized but not forfeited property, but cannot be used to challenge an administrative forfeiture).  Thus, the Court would benefit from the parties' respective positions regarding jurisdiction and the use of Rule 49(g).

It is Kramer who must establish the Court's jurisdiction, but the government will undoubtedly address jurisdiction (among other things) in its responsive pleading.  Therefore, the Court will await the government's responsive pleading and Kramer's reply to determine if jurisdiction rests with this Court, and to otherwise assess the viability of this action.

### Service

A review of the record reveals that Kramer has belatedly paid the $400 filing fee in full. Consequently, the Court is not charged with ensuring service of process.  *See* 28 U.S.C. § 1915(d).  The complaint does not include a certificate of service.  Therefore, Plaintiff is reminded that he must effect service of process upon the government.  *See* Fed.R.Civ.P. 4.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, this action shall **PROCEED**.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 7, 2015**

<u>*s/J. Phil Gilbert*</u>
**United States District Judge**