THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN BARRY KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-420-JPG-RJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Benjamin Barry Kramer's motion for reconsideration of the Court's April 5, 2017, order or, in the alternative, to hold this case in abeyance so he can appeal the Court's ruling or obtain counsel (Doc. 36). In this case, Kramer seeks monetary relief because he believes the Government seized and disposed of an asset that exceeded the value of the forfeiture judgment in his criminal case. In its April 5, 2017, order, the Court dismissed Kramer's cause of action for return of property under Federal Rule of Criminal Procedure 41(g) on the grounds that Rule 41(g) does not authorize monetary relief for the value of forfeited property no longer in the United States' possession (Doc. 35).

**I.    Motion for Reconsideration**

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a

discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Kramer believes the Court was incorrect in its April 5, 2017, ruling. In support of his request for reconsideration, he reiterates substantive arguments he has already made in this case. However, he does not address the issue of whether Rule 41(g) is the appropriate vehicle to bring his claim before the Court, which was the basis for the Court's ruling. Because Kramer has not pointed to any compelling reason to revisit the Court's prior ruling, such as a manifest error or change in the law, the Court declines to reconsider that ruling.

## II.     Motion to Hold in Abeyance

As an alternative to reconsideration, Kramer asks the Court to hold this case in abeyance to allow him to appeal the Court's ruling or to retain counsel.

Kramer cannot appeal the Court's ruling at this time because it is not the final decision in this case, *see* 28 U.S.C. § 1291; it does not fall into any of the categories for which an interlocutory appeal is allowed, *see* U.S.C. § 1292(a); and the Court does not believe that whether Rule 41(g) is the appropriate vehicle for Kramer's claim is "a controlling question of law as to which there is substantial ground for difference of opinion" or "that an immediate appeal from the order may materially advance the ultimate termination of the litigation," *see* U.S.C. § 1292(b). There is no need for an abeyance for Kramer to file an appeal.[1]

---

[1] If Kramer desires to appeal the Court's April 5, 2017, order as soon as possible, he may decline to amend his pleading, in which case the Court would enter a final judgment of dismissal of his Rule 41(g) claim that would be immediately appealable. The Court expresses no opinion on the preclusive effect such a judgment would have on any claim Kramer may bring in the future based on the same facts.

However, the Court will extend Kramer's deadline to amend his pleading so he can make further efforts to find counsel to represent him. Kramer shall have up to and including August 11, 2017, to amend his pleading.

## III. Conclusion

The Court **GRANTS in part** and **DENIES in part** Kramer's motion (Doc. 36). The Court declines to reconsider its April 5, 2017, order, and Kramer shall have up to and including August 11, 2017, to file an amended pleading.

**IT IS SO ORDERED.**
**DATED: May 31, 2017**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**