THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN BARRY KRAMER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, EDUARDO GONZALEZ, and UNKNOWN AGENTS OF THE U.S. MARSHALS SERVICE,<br><br>    Defendants. | Case No. 15-cv-420-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Benjamin Barry Kramer's response (Doc. 91) to the Court's June 1, 2020, order for plaintiff Benjamin Barry Kramer to show cause (Doc. 90) why the Court should not dismiss Count 10 without prejudice for failure to timely effect service of process on defendants Eduardo Gonzalez and other unnamed agents of the United States Marshals Service ("USMS"), whom he added as defendants when he filed the Amended Complaint. In Count 10 of the Amended Complaint, which was filed by counsel on November 9, 2017, Kramer asserts a *Bivens* claim for illegal exaction of his property in violation of the Fifth Amendment. In its June 1, 2020, order, the Court noted that there was no evidence in the record that those defendants were ever served with process, much less within 90 days after the Amended Complaint was filed as prescribed by Federal Rule of Civil Procedure 4(m).

In his response to the order to show cause, Kramer asks the Court to allow him 120 days to ascertain the identity of the unknown USMS agents and to serve the Count 10 defendants. He suggests that he reasonably understood the Court's April 5, 2017, order (Doc. 35) denying his motion pursuant to Federal Rule of Criminal Procedure 41(g) as an indication that the Court did not want individual defendants served at that time. He also highlights that his ultimate aim is to

determine how much property the Government has seized that should be credited toward his $60 million *in personam* monetary judgment—he repeats substantive arguments in support of his position on that question. Finally, he argues that, absent discovery, which the Court has not allowed, he had no way of identifying the unknown officers.

Federal Rule of Civil Procedure 4(m) governs the time in which process must be served. That rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). This rule requires a court to grant an extension if the plaintiff shows good cause, but leaves it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996). Whether neglect is excusable is an equitable question that the Court should decide taking into consideration all the relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). Those circumstances include the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reasons for the delay (including whether the reason was in the movant's control) and the good faith of the movant. *Pioneer Inv. Servs.*, 507 U.S. at 395; *McCarty*, 528 F.3d at 544.

Kramer has established neither good cause nor excusable neglect from failing to serve the Count 10 defendants in the time contemplated by Rule 4(m).

As a preliminary matter, the Court is puzzled how its April 5, 2017, order could be reasonably construed as expressing the desire not to serve individual defendants, if necessary.

Far from discouraging pursuit of individuals as defendants, in that order the Court actually suggested a *Bivens* action might provide an available remedy; there were no individuals named as defendants at that time. How this statement could be construed as the Court's not wanting individual defendants served at that time is mystifying. The Court's April 5, 2017, order does not provide good cause for failing to serve the Count 10 defendants in a timely manner.

Kramer does not explain how his ultimate aim of determine the value of the property the Government has seized would provide good cause for failing to serve the Count 10 defendants in a timely manner.

Finally, Kramer's suggestion that he has been unable to identify the unnamed defendant because the Court refused to allow him discovery is specious. He added the Count 10 defendants to the case when he filed the Amended Complaint in November 2017. After that, he did not ask the Court for discovery until July 2019 (Doc. 85), and even then, he asked for discovery concerning *the value of the property seized*, not the identities of the individuals involved in the seizure. This was nearly twenty months after he added the Count 10 defendants to the case, hardly indicative of diligent investigation.

Indeed, a recurring theme of this litigation is lack of diligence on Kramer's part. First, he complains of a 2003 forfeiture to which he had an opportunity to object at the time, but he failed to do so. By now, it is likely too late to bring a *Bivens* claim, assuming one would even be recognized. *See Ziglar v. Abassi*, 137 S. Ct. 1843 (2017) (cautioning courts against expanding the *Bivens* remedy beyond contexts already recognized by the Supreme Court). Any *Bivens* actions against individuals related to the 2003 forfeiture was likely time-barred long ago. *See Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017) (stating that the Illinois two-year statute of limitations for personal injury, 735 ILCS 5/13-202, applies to *Bivens* actions brought in a court in Illinois).

Additionally, it appears Kramer did not even do basic due diligence before naming Gonzalez as a defendant in Count 10.  According to the USMS website, Gonzalez passed away in March 2014, three years before Kramer sued him.  *See* https://www.usmarshals.gov/history/gonzalez.htm.  Gonzalez's descendants are readily identifiable from online obituaries, yet Kramer has never sought to name his heirs or to substitute any other party for him.

One factor mitigates Kramer's delinquency:  this case was stayed from July 2018 to May 2019 for settlement discussions between Kramer and the United States (Docs. 65 & 77).  However, while this may have provided a legitimate reason not to pursue claims against the United States during that period, it does not excuse the failure to perform a basic jurisdictional litigation function like accomplishing service of process on other defendants.  Nor does it provide any excuse for failing to work toward serving the Count 10 defendants in the seven months before the stay began and the many months after the stay was lifted.

Other equitable considerations do not weigh in favor of finding excusable neglect.  Kramer admits his ultimate goal is to have the Court determine the value of the property the Government has seized in this case that can rightfully be applied to the $60 million judgment against him.  That issue is the subject of a pending motion for an accounting in Kramer's criminal case.  Adding a *Bivens* claim against individual defendants for conduct that occurred at least seventeen years ago, if not longer, does not promise to add any clarity to the matter.  This is especially true where the action is likely to be time barred and an exercise in futility, causing the defendants to unnecessarily expend time and other resources on a side show to the main event.

In sum, Kramer has not shown good cause for failing to serve the Count 10 defendants in the 90 days after he filed the Amended Complaint.  Nor has he shown excusable neglect.  Accordingly, the Court exercises its discretion, to the extent it has any, to **DISMISS** Count 10 **without prejudice** for failure to serve in a timely manner.  Defendants Eduardo Gonzalez and

4

other unnamed agents of the USMS are terminated as defendants in this case. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

The only remaining claim in this case is Count 11, Kramer's claim under the Federal Tort Claims Act, based on Gonzalez's and other USMS agents' alleged retention of profits from the Bicycle Club in excess of $60 million and wrongful distribution of those profits. Pursuant to the Court's June 1, 2020, order, the parties have until August 31, 2020, to file dispositive motions addressing that claim.

**IT IS SO ORDERED.**
**DATED:  August 10, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**